J-S13006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VANDER K. CLAYBORNE | : | |
| | : | |
| Appellant | : | No. 1646 EDA 2022 |

Appeal from the PCRA Order Entered May 27, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0009696-1990

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 22, 2023**

Appellant Vander K. Clayborne appeals *pro se* from the order denying his eighth Post Conviction Relief Act[1] (PCRA) petition without a hearing. Appellant claims he met the newly discovered fact exception to the PCRA time bar and that his plea counsel was ineffective.  We affirm.

The underlying facts and procedural history of this matter are well known to the parties.  **See** PCRA Ct. Op., 6/30/22, at 1-5.  Briefly, Appellant pled guilty to murder in 1991.  Following a degree of guilt hearing, Appellant was convicted of first-degree murder.  The trial court sentenced Appellant to an aggregate term of life imprisonment in September of 1992.  On direct appeal, this Court affirmed Appellant's judgment of sentence and our Supreme

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Court denied further review. *See **Commonwealth v. Clayborne***, 635 A.2d 200 (Pa. Super. 1993) (unpublished mem.), *appeal denied*, 655 A.2d 510 (Pa. filed Dec 15, 1994). Appellant subsequently filed multiple PCRA petitions, all of which were ultimately denied.

Appellant filed the instant PCRA petition, his eighth, on April 14, 2022. Therein, Appellant claimed that plea counsel was ineffective in connection with his guilty plea. ***See*** Appellant's PCRA Pet., 4/14/22, at 2, 8. Appellant also argued that he met the newly discovered fact exception because he obtained the transcript from his 1991 guilty plea hearing in April of 2022 at which point he discovered deficiencies in the guilty plea colloquy and in plea counsel's representation. ***See id.*** The PCRA court subsequently issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a Rule 907 response reiterating his substantive claims and arguing that he met the newly discovered fact exception to the PCRA time bar. On May 26, 2022, the PCRA court issued an order denying Appellant's petition.

Appellant filed a timely notice of appeal. The PCRA court issued a Pa.R.A.P. 1925(a) opinion concluding that Appellant's petition was untimely and that he failed to establish any exception to the PCRA time bar.

On appeal, Appellant raises the following issue for review:

Is [] Appellant actually innocent and was he wrongly convicted of first-degree murder due to the fact that he was unable to knowingly, intelligently or voluntarily able to consult with counsel, understand the nature of the crimes, and was unable to understand the plea colloquy due to mental defects[?]

- 2 -

Appellant's Brief at 2 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review

is well settled:

> [O]ur standard of review from the denial of a PCRA petition is
> limited to examining whether the PCRA court's determination is
> supported by the evidence of record and whether it is free of legal
> error. The PCRA court's credibility determinations, when
> supported by the record, are binding on this Court; however, we
> apply a *de novo* standard of review to the PCRA court's legal
> conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019)

(citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question.

***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see***

***also Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019)

(stating that "no court has jurisdiction to hear an untimely PCRA petition").

"A PCRA petition, including a second or subsequent one, must be filed within

one year of the date the petitioner's judgment of sentence became final,

unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.

§ 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012)

(citation and footnote omitted). A judgment of sentence becomes final at the

conclusion of direct review, or at the expiration of time for seeking such

review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented.  **See** 42 Pa.C.S. § 9545(b)(2).[2]

It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).  If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of a petitioner's underlying claims.

---

[2] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented.  **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.  The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

*Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016). Any "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (citation omitted); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Appellant's judgment of sentence became final on March 15, 1995, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13. Therefore, Appellant's instant PCRA petition, filed on April 14, 2022, is facially untimely. *See* Appellant's PCRA Pet., 4/14/22, at 2, 8. On appeal, Appellant abandons the newly discovered facts claim he raised in the PCRA court and contends that he met the governmental interference exception. Appellant's Brief at 4, 15. Specifically, Appellant contends that he has "shown extreme due diligence in this matter for thirty-two years, with the [c]ourt finally providing transcripts on April 4, 2022 and October 25, 2022" and that his "rights to access the courts and due process have been egregiously violated and [that he] has been a victim of governmental interference." *Id.* at 15. However, because Appellant did not raise the governmental interference exception before the PCRA court, that claim is waived. *See Burton*, 936 A.2d at 525; *see also* Pa.R.A.P. 302(a).

For these reasons, we conclude that Appellant's petition is untimely and that he failed to establish an exception to the PCRA time bar. *See Albrecht*,

994 A.2d at 1094; ***see also*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2023